UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JANET H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00939-DLP-JRS |
| | ) | |
| ANDREW M. SAUL, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**O<small>RDER</small>**

This matter comes before the Court on the Plaintiff's Motion for

Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b), Dkt. [22]. For the

reasons that follow, Plaintiff's motion is **GRANTED**.

## I.   Background

Plaintiff filed this matter pro se on March 6, 2019, requesting that the Court

review the Commissioner's final decision denying her Social Security Benefits. (Dkt.

1 at 1-2). Mr. Timothy Vrana entered his appearance on behalf of the Plaintiff on

March 13, 2019. (Dkt. 6). The administrative transcript was filed on May 6, 2019.

(Dkt. 9). On May 28, 2019, Plaintiff filed a motion for extension of time to file her

opening brief because the parties were discussing the possibility of a voluntary

remand, and the Court granted this request on May 29, 2019. (Dkt. 12 at 1; Dkt.

13). On June 12, 2019, the parties filed their Stipulation to Remand, which notes:

"On remand from the Court, the Appeals Council will issue a decision favorable to

Plaintiff, finding her entitled to Disabled Widow's benefits." (Dkt. 15 at 1). On June

1

14, 2019, the Court approved the stipulation, entered judgment in favor of the Plaintiff, and remanded the matter back to the Social Security Administration ("SSA") for further proceedings. (Dkts. 16, 17).

On June 27, 2019, Plaintiff filed a Motion for $604.98 in Attorney Fees Pursuant to the Equal Access to Justice Act. (Dkt. 18). The Defendant filed a response indicating that he did not object, and the Court awarded $604.98 in attorney fees to the Plaintiff on July 9, 2019. (Dkts. 20, 21). On June 12, 2020, Plaintiff filed the present Motion for Attorney Fees Pursuant to Section 406(b), wherein counsel seeks $10,000.00 in attorney fees. (Dkt. 22). Defendant filed a response on July 26, 2020, and the Plaintiff filed a reply on August 3, 2020. (Dkts. 27, 28).

## II.    Legal Standard

The Social Security Act's provisions governing fees for representation are found in 42 U.S.C. § 406. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (reviewing history of attorney fees under the Social Security Act). "Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled." *Parker v. Saul*, No. 1:16-CV-437-TLS, 2020 WL 6048146, at *1 (N.D. Ind. Oct. 13, 2020) (citation omitted).

Plaintiff's counsel has the burden of showing that the requested fee award is reasonable. *Caldwell v. Berryhill*, No. 4:15-cv-00070-TAB-TWP, 2017 WL 2181142, at *1 (S.D. Ind. May 18, 2017). In *Gisbrecht*, the Supreme Court held that the

Court's review for reasonableness does not override the claimant and counsel's fee arrangement, but rather acts as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court noted that contingent-fee arrangements might be unreasonable if, for example: (1) the character of and results achieved from attorney representation do not justify the amount; (2) the attorney is responsible for delay such that he or she would profit from the accumulation of benefits; or (3) the benefits are large in comparison to the amount of time counsel spent on the case. *Kirby v. Berryhill*, No. 14 CV 5936, 2017 WL 5891059, at *1 (N.D. Ill. Nov. 29, 2017). An award of attorney fees under § 406(b) is offset or reduced by the fees already paid to the attorney under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *see* 28 U.S.C. § 2412.

## III.   Discussion

After this matter was remanded back to the SSA, the Appeals Council entered an order awarding Disabled Widow's Benefits to the Plaintiff in March 2020, and the Plaintiff's Notice of Award letter was mailed out on May 25, 2020. (Dkt. 23 at 1). The Plaintiff received $106,451.00 in past due benefits. (Id.). In the present motion, Plaintiff's counsel, Mr. Vrana, seeks a fee award pursuant to § 406(b) in the amount of $10,000.00. (Dkt. 22). Mr. Vrana argues that the particular circumstances of this case justify his requested fee award.

The ALJ denied the Plaintiff's claim for Disabled Widow's Benefits because she had not attained the age of 50 within 7 years of her husband's death. (Id.). Upon

reviewing the administrative transcript in May 2019, Mr. Vrana argues that he promptly noticed that the ALJ had misread the requirements for Disabled Widow's Benefits, and brought this error to the attention of Defendant's counsel. (Dkt. 23 at 3). Mr. Vrana points out that neither the ALJ nor the Plaintiff's previous counsel knew the requirements for Disabled Widow's Benefits, but that his history of 7 years working as a Social Security claims representative prior to becoming an attorney alerted him to this niche issue. (Id.). Mr. Vrana further argues that by his quick action, both parties avoided the briefing process and the Court was able to conserve valuable resources. (Id.). Moreover, upon remand to the Appeals Council, Plaintiff was awarded 100% of the benefits she sought. (Id.). Mr. Vrana also notes that under the terms of his contingency agreement with the Plaintiff, he would be entitled to a fee award of up to $26,612.75, but that he only requests $10,000.00. (Dkt. 23 at 4).

The Defendant does not address the first two factors discussed by the *Gisbrecht* court, and instead rests his argument solely on the third *Gisbrecht* factor: that the fee award Mr. Vrana seeks as his contractual contingency award is large in comparison to the amount of time counsel spent on the case. (Dkt. 27 at 2-4); *Gisbrecht*, 535 U.S. at 807. The Commissioner argues that Mr. Vrana's "effective hourly rate" of $3,333.00 renders the award unreasonable automatically. The Court begins its analysis where *Gisbrecht* advises, with the contingent fee agreement.

a. *Contingent Fee Agreement*

Despite the Defendant's contention that Mr. Vrana's effective hourly rate is the main and only consideration in determining reasonableness, case law demonstrates otherwise. *Gisbrecht* rejected the lodestar (hourly rate) method as the measure of whether a fee under § 406(b) is reasonable, 535 U.S. at 808, "as it would run the risk of creating arbitrary ceilings on the awards." *Reindl v. Astrue*, No. 09 CV 2695, 2012 WL 4754737, at *3 (N.D. Ill. Oct. 4, 2012). Where there is a contingent fee contract between the claimant and the attorney, the proper starting point in considering the reasonableness of a fee is the contract; "[s]imply determining a reasonable hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract." *Id.* at 980; *Koester*, 482 F. Supp. 2d at 1082 (finding that "the Commissioner's focus on a projected hourly rate is misplaced"). Therefore, this Court is reluctant to place undue weight on a fee's lodestar calculation in the context of a SSA contingency fee.

Instead, *Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement. In this case, on March 13, 2019, Plaintiff signed a fee agreement that contains this clause: "If I am awarded benefits, I hereby agree that your fee should be 25 percent of the past due benefits resulting from my claim." (Dkt. 23-2). 25 percent of Plaintiff's past due benefits totals $26,612.75. As such, Mr. Vrana's request for an award of $10,000.00 in attorney fees falls well beneath the amount authorized by the Plaintiff's duly

signed contingent fee agreement and the amount authorized by § 406(b). Now, the Court must evaluate the reasonableness of a $10,000.00 award.

     *b.  Reasonableness*

In *Gisbrecht*, the Supreme Court explicitly approved the Seventh Circuit's method of evaluating reasonableness, namely that courts should defer to the parties' reasonable intentions in analyzing attorney fees. 535 at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989). Numerous courts, following *Gisbrecht*'s lead, have also noted the importance of contingency agreements: *Reindl v. Astrue*, No. 09 CV 2695, 2012 WL 4754737, at *2 (N.D. Ill. Oct. 4, 2012) (contingent fee agreements allow claimants who cannot afford hourly rates to obtain counsel and benefit the system by encouraging lawyers to be discerning in evaluating cases); *Koester*, 482 F. Supp. 2d at 1082 (same); *McCarthy v. Astrue*, No. 2:04 cv 369, 2008 WL 4539959, at *2 (N.D. Ind. Oct. 8, 2008) (same); *Kirby*, 2017 WL 5891059, at *2 (same).

With that framework in mind, the Supreme Court provided three examples of situations where an attorney's requested fee might be unreasonable: (1) the character of and results achieved from attorney representation do not justify the amount; (2) the attorney is responsible for delay such that he or she would profit from the accumulation of benefits; or (3) the benefits are large in comparison to the amount of time counsel spent on the case. *Gisbrecht*, 535 U.S. at 808. The Court will evaluate each situation in turn.

   *i. Character of Attorney and Results Achieved*

  Mr. Vrana argues that the character of his representation and the results he

achieved for the Plaintiff justify his requested attorney award. The Commissioner

does not dispute this point, and even concedes that it weighs in favor of the

Plaintiff. In fact, the Defendant describes Mr. Vrana's representation in this way:

> Counsel's expertise significantly contributed to the speedy and
> efficient disposition of this case. Specifically, counsel contacted
> agency counsel early in this case to discuss an issue that led to the
> Commissioner stipulating to remand without briefing. This was an
> excellent result for Plaintiff, and counsel's display of skill in
> identifying this issue early and resolving it expediently warrants a
> higher implied hourly rate than might be warranted in a routine
> briefed case.

(Dkt. 27 at 2). The Court agrees with both parties on Mr. Vrana's representation

and results. This Court has previously analyzed Mr. Vrana's work and come to a

similar conclusion: Mr. Vrana provides "consistently excellent work," has an ability

to achieve a high rate of success based on his unusual skill and efficiency, and

submits "among the highest quality work that this court sees across the range of

cases." *Everroad v. Astrue,* No. 4:06-cv-100-DFH-WGH, 2009 WL 363546, at *2 (S.D.

Ind. Feb. 11, 2009).

  Even apart from Mr. Vrana's record in this Court, he has obtained

exceptional results for the Plaintiff in this particular case. The Plaintiff received

past due benefits of $106,451.00,  as well as $1,744.00  in continuing monthly

benefits until she turns 60 (at which point she would automatically receive

benefits). Added together, the Plaintiff will receive approximately $210,000.00 in

Disabled Widow's Benefits before 2025. This amount also does not value her

Medicare entitlement, which she would not have attained but for Mr. Vrana's assistance. The parties and the Court agree that Mr. Vrana's service was remarkable in this matter, which led to an exceptional result for the Plaintiff. Thus, this factor weighs in favor of approving Mr. Vrana's requested fee award.

> ii.   *Attorney Delay*

Both the Plaintiff and Defendant agree that Mr. Vrana did not contribute to any delay in these proceedings; in fact, Mr. Vrana assisted the parties and the Court in an efficient, timely resolution. Mr. Vrana recognized an issue outside the scope of SSA disability benefits, promptly researched that issue, and brought his concerns to opposing counsel. Due to Mr. Vrana's history as a SSA claims representative and his quick thinking to contact opposing counsel rather than file an opening brief, Mr. Vrana saved both parties time and money, and conserved this Court's presently overtaxed resources. As such, the Court finds that this factor weighs in favor of approving Mr. Vrana's requested fee award.

> iii.   *Benefits Large in Comparison to Time Spent*

Focusing on the third factor, the Commissioner argues that Mr. Vrana's effectively hourly rate of $3,333.00  would constitute a windfall in light of the little amount of time spent on this case. (Dkt. 27 at 2-3). The Commissioner cites three cases to support this conclusion, all of which rely solely on the effective hourly rate to judge the requested fee's reasonableness. As the Undersigned has already

explained, the Supreme Court and the Seventh Circuit have explicitly stated that the effective hourly rate is not the ultimate deciding factor of reasonableness.[1]

The Commissioner focuses exclusively on the effective hourly rate, but fails to consider any other indicators of reasonableness. Notably, the Commissioner did not address the widely recognized understanding that recovery under contingency fee agreements serves to offset an attorney's losing cases, or that this principle is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time. *Hensley v. Eckerhart*, 461 U.S. 424, 448 (1983); *Koester*, 482 F. Supp. 2d at 1082; *McCarthy*, 2008 WL 4539959, at *2.

In this case, Mr. Vrana spent 3 total hours on Plaintiff's case in this Court. Although this is a relatively small number, the Court also recognizes that it was Mr. Vrana's past employment history and quick action that led to the timely resolution of Plaintiff's case and remand back to the SSA. Without Mr. Vrana's expertise, a less experienced lawyer may have wasted the Court and parties' time in extensive briefing. Ultimately, "if a claimant's success on appeal can be attributed to [her] attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a

---

[1] In fact, one of the only reported cases in this Circuit concluded that, given the nature of contingent fee work, many entirely reasonable awards will translate into exaggerated hourly rates. Instead, the court should evaluate the amount of work counsel performed, not to compute an hourly rate but to ensure that counsel did enough to earn a "full" fee; the quality of counsel's work, including the nature and specificity of the issues raised, and the timeliness of counsel's submissions; the results obtained, including the degree of success and the bases for reversal or remand; and the amount requested, *i.e.*, the percentage of the claimant's back benefits counsel requests in fees. *Koester*, 482 F. Supp. 2d at 1083.

small window of time." *Hughes v. Comm'r of Soc. Sec.*, No. 1:16-CV-00023-SLC, 2019 WL 2408035, at *3 (N.D. Ind. May 30, 2019). Mr. Vrana has made a convincing case that the Plaintiff's favorable outcome was due to his effective and efficient representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney." *Gisbrecht*, 535 U.S. at 808.

If Mr. Vrana had been less efficient, his imputed hourly rate would of course be lower. The Court, however, is reluctant to rely heavily on a method for determining whether a contingency fee is reasonable that penalizes efficiency. *See Kirby v. Berryhill*, No. 14 CV 5936, 2017 WL 5891059, at *1 (N.D. Ill. Nov. 29, 2017) (citing *Kazanjian v. Astrue*, No. 09 CV 3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011)); *see also Reindl v. Astrue*, No. 09 CV 2695, 2012 WL 4754737, at *4 (N.D. Ill. Oct. 4, 2012). The Court is especially cognizant of and grateful for attorney efficiency, due to the Southern District's consistent state of judicial emergency over the last five years.[2]

The Commissioner, likewise, did not address the full value of the results that Mr. Vrana obtained for the Plaintiff in this case. In addition to the $106,451.00 in past due benefits that Plaintiff was awarded, Plaintiff will also receive significant future benefits in the form of monthly payments. On top of the $106,451.00, Plaintiff will receive over $104,000.00 in benefits for the next five years. Although these continuing and future benefits do not factor into the basis for calculating the

---

[2] Press Release, United States District Court for the Southern District of Indiana, Southern District of Indiana Announces Intracircuit Magistrate Judge Assignment (Oct. 15, 2020), https://www.insd.uscourts.gov/sites/insd/files/10.14.2020%20visiting%20MJ%20Cherry%20PR.pdf.

amount of the § 406(b)(1) attorney's fees, they nevertheless demonstrate the value of counsel's work to Plaintiff. *See Santino v. Astrue*, No. 2:06-CV-75-PRC, 2009 WL 1076143, at *4 (N.D. Ind. Apr. 20, 2009) (attorney's hours "reflect the time-value of money and the attorney's risk that he could have received no payment for his services").

Moreover, Mr. Vrana expended additional time representing the Plaintiff before the SSA; regardless of whether this Court awards the amount sought in his motion, Mr. Vrana states that he does not intend to request a fee for work performed before the SSA under 42 U.S.C. § 406(a). The hours that Mr. Vrana spent in the administrative proceedings after remand have not been disclosed to this Court, but those hours would also need to be taken into account. *See Everroad*, 2009 WL 363546, at *2. If Mr. Vrana spent another 3 hours arguing the Plaintiff's case before the administration (a very reasonable estimate), that would result in a total of 6 hours spent on the Plaintiff's case, rendering counsel's effective hourly rate at $1,666.66. Even if the Undersigned gave significant weight to the Commissioner's projected hourly rate, other Courts in this Circuit have held similar hourly rates to be reasonable. *Parker*, 2020 WL 6048146, at *1 (approving an hourly rate of $1,409.47); *Hann v. Saul*, 1:19-cv-2520-DML-JRS (S.D. Ind. Oct. 2, 2020) (approving an hourly rate of $1,381 because plaintiff approved the fee amount and counsel agreed not to seek fees for agency proceedings); *Wattles v. Comm'r of Soc. Sec.*, No. 10-2108, 2012 WL 169967, at *1 (C.D. Ill. Jan. 18, 2012) (approving an hourly rate between $2,500 and $3,125);

11

Perhaps most importantly, the Court finally acknowledges the Plaintiff's view of the requested attorney fee. Mr. Vrana filed a supplement on June 18, 2020 containing an email from the Plaintiff, wherein she agreed to Mr. Vrana receiving a $10,000.00 attorney fee. (Dkt. 24-1). In fact, the Plaintiff wrote:

> "I wanted to let you know that I am agreeing to the $10,000 fee. I think you are an amazing lawyer. You are not like other lawyers most lawyers are very greedy. Thank you for being so kind and for helping me out."

(Id.). Far from a situation where the client begrudgingly agrees to an attorney's fee award because she is bound by the terms of the contingency contract, here the Plaintiff enthusiastically agrees to Mr. Vrana's requested fee. As counsel points out, Mr. Vrana seeks less than 5 percent of the total value of the Plaintiff's claim; even if only looking to Plaintiff's past due benefits, Mr. Vrana seeks 9.6% of the award.[3] Under either metric, Mr. Vrana requests a far lower fee than one to which he is contractually entitled.

In light of *Gisbrecht*'s twin aims of protecting the primacy of contingency agreements and assuring reasonable fees, "the deference afforded the agreement should only be cast aside in extraordinary circumstances." *See McGuire*, 873 F.2d at 980-81. Those circumstances are not found in this case. Thus, the Undersigned finds no reason to disturb the contingency agreement or the Plaintiff's consent to Mr. Vrana's requested fee.

---

[3] Counsel's requested fee—$10,000.00—is considerably less than a typical contingent fee recovery. *See* Herbert M. Kritzer, *The Wages of Risk: The Returns of Contingency Fee Legal Practice*, 47 DePaul L. Rev. 267, 285 (1998); *cf. Continental Illinois Securities Litigation*, 962 F.2d 566, 572 (7th Cir. 1992) (Posner, J.) ("We know that in personal injury suits the usual range for contingent fees are between 33 and 50 percent").

## IV.    Conclusion

In light of the foregoing, the Court agrees that Mr. Vrana's requested attorney fee of $10,000.00 is reasonable under the circumstances of this case. Accordingly, Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b), Dkt. [22], is **GRANTED**.

Mr. Vrana is awarded $10,000.00 in attorney fees, pursuant to 42 U.S.C. § 406(b). From this amount, Mr. Vrana shall refund to the Plaintiff the $604.98 in fees he previously received pursuant to the Equal Access to Justice Act.

So ORDERED.


Date: 11/25/2020

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana




Distribution:

All ECF-registered counsel of record via email.